# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ROBBINS, | NO. CV 17-0246-AG(E) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT |
| LT. J. CORTEZ, et al., | WITH LEAVE TO AMEND |
| Defendants. | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

**BACKGROUND**

Plaintiff, a state prisoner proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. section 1983 against prison officials at the California Men's Colony ("CMC"). The Complaint consists of a form Complaint and a handwritten attachment. Defendants, sued in their individual capacities only, are: (1) CMC Warden E. Valenzuela; (2) Correctional Lieutenant J. Cortez;

(3) Correctional Officers C. Sandoval, R. Day, J. Ramirez, J. Busby, E. Clemons; and (4) fictitious "Doe" Defendants. As to the fictitious Defendants, a plaintiff may sue a fictitious defendant if the plaintiff does not know the true identity of the defendant prior to the filing of the complaint. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999). However, Plaintiff should be aware that, before the United States Marshal can serve process on any fictitiously sued Defendant, Plaintiff must provide identifying information sufficient to permit the service of process, such as the Defendant's full name and address.

Plaintiff alleges that, on November 18, 2013, Plaintiff assertedly was issued a Rules Violation Report charging Plaintiff with delaying a peace officer in the performance of duties (Complaint, p. 5). Plaintiff asserts Eighth Amendment claims arising out of events allegedly occurring during an ensuing December 20, 2013 administrative hearing (<u>id.</u>). Defendant Cortez reportedly presided over this hearing as the Senior Hearing Officer (<u>id.</u>).

During the hearing, Plaintiff allegedly began to feel pain from sitting handcuffed in a chair and assertedly adjusted himself in an attempt to become more comfortable (<u>id.</u>, p. 11). Defendant Sandoval allegedly placed a hand on Plaintiff's shoulders and whispered, "If you move one more time, I'll take your fucking ass to the ground" (<u>id.</u>).

When Defendant Cortez allegedly inquired whether Plaintiff was read to proceed, Plaintiff assertedly requested permission to return

to Plaintiff's cell to retrieve some allegedly pertinent documents (id.). Cortez reportedly denied the request, saying, "You should have brought those things with you." Plaintiff allegedly responded that the escorting officers, Defendants Sandoval and Day, assertedly had not allowed Plaintiff to retrieve the papers from his cell (id.). Cortez allegedly said, "I've seen your name on numerous 602's (inmate grievance) [sic], you're a litigator, this will teach you not to file so many 602's, so on that basis I will deny that request" (id.).

Plaintiff allegedly again adjusted himself in his chair because of pain, and assertedly told Cortez, "You are violating my due process rights and I'm going to 602 you with a staff misconduct complaint" (id., p. 12). Defendant Cortez then allegedly said to his officers, "Restrain him" (id.).

Defendants Sandoval and Day allegedly grabbed Plaintiff, and one of them assertedly ordered a "Code One" (id.). Defendant Busby allegedly responded to the "Code One" and ordered Plaintiff placed in leg restraints (id.). Defendant Clemons allegedly stepped on the leg restraints after the restraints had been secured tightly, assertedly inflicting excruciating pain on Plaintiff (id.). Clemons allegedly twisted Plaintiff's wrists upward in a reverse wrist lock position to the point "where it was unbareable [sic]" (id.).

After Plaintiff allegedly exited the hearing office to be returned to his cell, Defendant Day assertedly held Plaintiff in a "tight reverse wrist lock," allegedly twisting Plaintiff's right middle finger and telling Plaintiff, "If you even move in the

3

slightest, I'll take your ass down" (id.).  Day allegedly applied more pressure until Plaintiff assertedly yelled out in pain (id.).  Day allegedly continued to apply pressure to Plaintiff's finger until the finger reportedly "snapped" (id.).  When Plaintiff assertedly flinched and yelled out in pain, Day allegedly yelled, "He's trying to grab me!" (id., p. 13).  Defendants Day, Sandoval, Ramirez, Clemons, Busby and "approximately one to five unknown officers" named as "Doe" Defendants then allegedly tackled Plaintiff (id.).  These Defendants allegedly kicked and beat Plaintiff, assertedly punching Plaintiff in the face, torso and extremities (id.).  Defendant Day allegedly choked Plaintiff until Plaintiff was unable to breathe (id.).  During this time, Plaintiff allegedly heard and felt his neck "pop," and Plaintiff assertedly experienced severe consequent pain (id.).  Throughout the alleged beating and choking, Plaintiff reportedly was still wearing leg and arm restraints (id.).

Plaintiff allegedly suffered injuries to his neck, ribs, chest, wrists and ankles, as well as emotional and psychological injuries (id., p. 14).  Medical personnel identified as "Doe" Defendants allegedly did not provide immediate medical care to Plaintiff, purportedly by failing to summon Plaintiff to receive those services despite supposedly having knowledge of Plaintiff's need for medical care (id.).

The Complaint contains two claims for relief.  Claim One asserts that Defendants subjected Plaintiff to "cruel and unusual punishment by means of unnecessary use of force without due process," assertedly in violation of the First, Eighth and Fourteenth Amendments (id., p.

5). Claim Two alleges that various "Doe" Defendants assertedly denied Plaintiff medical care by purportedly exhibiting deliberate indifference to an allegedly serious medical need (id., p. 14). Plaintiff seeks declaratory relief, compensatory and punitive damages, the costs of suit and attorney's fees (Complaint, p. 6).

**DISCUSSION**

Plaintiff may not sue the Warden or any other supervisor under section 1983 on a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of *respondeat superior*"). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Id. at 677. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id.

A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)). To state a claim against any individual defendant, a plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights.").

Plaintiff's conclusory allegations against Warden Valenzuela do not suffice under these standards. See Ashcroft v. Iqbal, 556 U.S. at 678, 686 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (citations and quotations omitted). Plaintiff also does not allege facts showing Defendant Cortez' personal involvement in the allegedly excessive force.

Plaintiff's deliberate indifference claim is also insufficient. Prison officials can violate the Constitution if they are "deliberately indifferent" to an inmate's serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be liable for "deliberate indifference," a jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838. Allegations of negligence do not suffice. Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Thus, inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). "[A]n

official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. at 838.

Plaintiff's conclusory allegations that unidentified medical personnel denied Plaintiff unspecified medical services do not suffice under these standards. See Ashcroft v. Iqbal, 556 U.S. at 678, 686; Shelton v. Chorley, 487 Fed. App'x 388, 389 (9th Cir. 2012) (conclusory allegations of deliberate indifference to medical needs insufficient). Furthermore, Plaintiff's vague allegations that "Defendants" purportedly provided inadequate medical care, without specifying each Defendant's alleged action(s) or inaction(s), are insufficient. See Barren v. Harrington, 152 F.3d at 1194; E.D.C. Technologies, Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper") (citations, internal brackets and quotations omitted).

Finally, as a pro se litigant, Plaintiff cannot recover attorney's fees in a civil rights action. Kay v. Ehrler, 499 U.S. 432, 435 (1991).

**CONCLUSION AND ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended

Complaint.  While the Court does not necessarily deem insufficient all of Plaintiff's allegations, the Court does require that any First Amended Complaint be complete in itself and not refer in any manner to the prior Complaint.  Plaintiff may not add Defendants without leave of court.  See Fed. R. Civ. P. 21.  Failure to file timely a First Amended Complaint may result in the dismissal of this action.

DATED: May 19, 2017

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

PRESENTED this 30th day of
March, 2017, by:


          /s/
       CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

8